998 F.2d 1018
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Roger D. MOSBY, Appellant,
v.
Sgt. R. DOLPHIN, Maximum Security Unit, Arkansas Department
of Correction, Appellee.
 No. 93-1208.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 12, 1993.
Filed: July 15, 1993.
 
 Before WOLLMAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Roger D. Mosby, an Arkansas inmate, appeals from the magistrate judge's[1] grant of summary judgment in favor of Sergeant R. Dolphin in this 42 U.S.C. § 1983 action.
 
 
 2
 Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Once a motion for summary judgment is made and supported, the nonmoving party may not rest upon the mere allegations or denials of the pleadings but must set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e). A genuine issue exists if "a reasonable jury could return a verdict in favor of either party." White v. Farrier, 849 F.2d 322, 325 (8th Cir. 1988). Upon careful review, we hold that the magistrate judge properly granted summary judgment on Dolphin's motion because Mosby's response to the motion did not allege specific facts to support a jury finding that his injury was more than de minimis and, therefore, no reasonable jury could have returned a verdict in his favor. See Hudson v. McMillian, 112 S. Ct. 995, 1000 (1992).
 
 
 3
 Mosby's arguments that he was denied his rights to access to the courts and to a fair trial lack merit. Mosby was given a meaningful opportunity to litigate his claims; he did not go to trial because he was unable to withstand Dolphin's motion for summary judgment.
 
 
 4
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable George Howard, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c)